439 F.2d 701
 Morris DAVIS, Jr., Appellant,
v.
JUSTICE COURT FOR the PIXLEY JUDICIAL DISTRICT, COUNTY OF TULARE, STATE OF CALIFORNIA, Appellee.
Tony RUSHING, Appellant,
v.
JUSTICE COURT FOR the PIXLEY JUDICIAL DISTRICT, COUNTY OF TULARE, STATE OF CALIFORNIA, Appellee.
 No. 24204.
 No. 24205.
 United States Court of Appeals, Ninth Circuit.
 March 24, 1971.
 
 Dennis Powell (argued), William B. Daniels, Salinas, Cal., for appellants.
 Charles P. Just, Deputy Atty. Gen. (argued); Evelle J. Younger, Atty. Gen., Sacramento, Cal., for appellee.
 Before MADDEN,* Judge of the United States Court of Claims, and DUNIWAY and KILKENNY, Circuit Judges.
 KILKENNY, Circuit Judge:
 
 
 1
 Appellants were convicted in justice court of petty theft, a violation of California Penal Code, § 488. After exhausting state court remedies, each filed a habeas corpus petition in the district court. After a hearing on the transcript of the habeas proceeding in the superior court of the state of California for Tulare County, the district court denied the petitions. At the time of the arguments, the cases were consolidated for hearing and decision.
 
 BACKGROUND
 
 2
 The state court record supports the following summary of facts. On May 18, 1966, appellants were arraigned in the justice court for Pixley Judicial District on a charge of petty theft in violation of California law. They were without benefit of counsel at the time, but were advised by the court of their rights, including their right to retain an attorney or to have an attorney appointed if necessary. They were also advised of their right to a speedy trial and to trial by jury. Each appellant expressed a desire to hire his own counsel. A trial date of June 6, 1966, was set by the court. On that day, a panel of prospective jurors was present and the court was ready to proceed. Appellants were present and each informed the court that he had been unable to obtain counsel and asked for a continuance. The trial date was continued to August 18th. On his way to trial on August 18th, Davis had car trouble and phoned the judge. Rushing was already in justice court. At their request, the trial was again continued to September 12th. On that day, appellants again appeared and said they had still been unable to secure the service of an attorney. After a discussion with the judge, however, appellants proceeded to trial without a jury and were convicted.
 
 
 3
 In the state habeas proceeding, a transcript of which was before the district judge, the state judge heard the testimony of appellants and of the justice court trial judge, who was firm in his position that appellants had been informed of all of their rights and that, prior to trial and conviction, each waived his right to an attorney, to a speedy trial, and to a jury trial. Both the state and district judges agreed, and denied appellants' habeas corpus petitions.
 
 CONTENTIONS
 
 4
 Briefly stated, the contentions of appellants are that: (1) while the state court post-conviction hearing may have yielded a full and fair hearing, the district court erred in failing to apply federal standards to that record; (2) the state court record before the district court failed to support the district court's determination that each appellant waived his right to counsel; (3) the state court record before the district court failed to support the district court's determination that each appellant waived his right to a speedy trial.
 
 
 5
 In addition, appellant Davis contends that the state court record before the district court fails to support the district court's determination that his rights were not violated when he chose to testify in the justice court proceeding.
 
 CONCLUSIONS
 
 6
 We have thoroughly analyzed the state court record and hold that it fully supports the judgments of the California superior court and the federal district court from which these appeals are prosecuted. Accordingly, we hold that: (1) the merits of the factual disputes were resolved in the state court hearing; (2) the fact finding procedure employed by the state court was adequate to afford a full and fair hearing; (3) the material facts were adequately developed in the state court hearing; (4) the state court had jurisdiction over the subject matter and the person of each of the appellants in that proceeding; (5) each appellant was represented by counsel in the California superior court proceeding; and (6) each appellant received a full, fair and adequate hearing in the state court and was not otherwise deprived of due process of law. The record demonstrates full compliance with the teachings of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and with the requirements of 28 U.S.C. § 2254(b).* No evidentiary hearing was necessary.
 
 
 7
 Finding no error, the judgments must be, and are, affirmed.
 
 
 
 Notes:
 
 
 *
 J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation
 
 
 *
 As amended November 2, 1966, 80 Stat. 1105